112 N.J. Super. 592 (1971)
272 A.2d 309
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
BARTON FRANK AND KAREN JUNE SHAPIRO, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued December 21, 1970.
Decided January 12, 1971.
*593 Before Judges SULLIVAN, COLLESTER and LABRECQUE.
Mr. George T. Dougherty, Deputy Attorney General, argued the cause for appellant (Mr. George F. Kugler, Jr., Attorney General of New Jersey, attorney).
Mr. Michael N. Kouvatas argued the cause for respondent Barton Frank.
Mr. Mario A. Iavicoli argued the cause for respondent Karen Shapiro (Messrs. Maressa & Console, attorneys).
The opinion of the court was delivered by SULLIVAN, P.J.A.D.
The State, pursuant to leave granted, appeals from an order entered on defendant's pretrial motion suppressing evidence consisting of a package of marijuana confiscated by the police. The order was bottomed on a finding by the trial court that the police action was "a grossly improper search and seizure."
We conclude that the evidence in question was not the product of an illegal search by the police. The defendant Karen Shapiro had delivered a package at the home of defendant Frank to a 16-year-old girl who was babysitting for the Franks. She left instructions to deliver the package to Mr. Frank and have him call "Karen" as soon as he came home since it was very important. The babysitter, apparently out of curiosity, opened the package and ascertained that it contained marijuana which she recognized from her high school health education classes. She immediately *594 telephoned her "girl friend" and told her about the package. The girl friend in turn told her mother who notified the police. Two officers were dispatched to the Frank home where they were admitted by the babysitter who delivered the package to them.
The foregoing did not constitute a search by the police. We are not concerned with whether or not the babysitter acted within the scope of her authority. The security provided by the Fourth Amendment against unreasonable searches and seizures extends only to governmental action. Evidence of criminal activity discovered by a civilian, not acting as a government agent or in concert with government agents, may be reported or surrendered to the police without violating Fourth Amendment rights regardless of the means by which the civilian discovered the evidence. Burdeau v. McDowell, 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048 (1921); United States v. Goldberg, 330 F.2d 30 (3d Cir.1964); cf. State v. Scrotsky, 39 N.J. 410, 416 (1963).
The order suppressing evidence is reversed.